Joshua Trigsted
Oregon State Bar ID Number 06531
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826  facsimile
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **MARGO BREEN**,<br><br>            Plaintiff,<br><br>    vs.<br><br>**DYNAMIC RECOVERY SOLUTIONS LLC,**<br><br>            Defendant. | Case No.: 1:12-cv-2311<br><br>**COMPLAINT;**<br><br>FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. § 1692a, *et seq.*);<br><br>DEMAND FOR JURY TRIAL |

## I.  INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

## II.  JURISDICTION

2. Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 U.S.C. § 1331.

## III.  PARTIES

3. Plaintiff, Margo Breen ("Plaintiff"), is a natural person residing in Jackson

County, Oregon.

4. Defendant, Dynamic Recovery Solutions LLC, ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.

## IV.  FACTUAL ALLEGATIONS

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 U.S.C. § 1692a(5).

8. Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9. Failing to disclose Defendant's true corporate or business name in a telephone call to Plaintiff, including failing to do so in a voicemail (§ 1692d(6)).

10. Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof (§ 1692g(a)).

11. Falsely representing the character, amount, or legal status of Plaintiff's debt, including misrepresenting the amount of the alleged debt (§ 1692e(2)(A)).

12. Communicating or threatening to communicate credit information which is

known or which should be known to be false, including requesting a consumer report from a credit reporting agency for Plaintiff and representing to such agency that the purpose for requesting the report was a credit application by Plaintiff (§ 1692e(8)).

13. As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

14. Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

15. Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

16. To the extent Defendant's actions, detailed in paragraphs above, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692g & 1692d & 1692e.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages pursuant to 15 U.S.C. 1692k;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 21st day of December, 2012.

By: s/Joshua Trigsted
Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
Attorney for Plaintiff